# Felin *v.* Conway.

*Mechanic's lien—Bankruptcy—Judgment—Opening judgment.*

Where a contractor is adjudged a bankrupt, and the subcontractor files a mechanic's lien against the owner and contractor, upon which judgment is entered against the contractor by default, the judgment is not to be opened because of the existing adjudication of bankruptcy, or because of the allegation that the effect of the judgment would give the subcontractor a preference over other creditors of the bankrupt.

Argued Oct. 16, 1906.   Appeal, No. 37, Oct. T., 1906, by William Y. Tripple, Trustee in bankruptcy of the Estate of George C. Dietrich, from order of C. P. No. 2, Phila. Co.,

172          FELIN *v.* CONWAY.

Statement of Facts—Opinion of the Court. [32 Pa. Superior Ct.

June T., 1905, No. 516, M. L. D., discharging rule to open judgment in case of Charles F. Felin, William L. Ludascher and Amos Y. Lesher, trading as Charles F. Felin and Company, v. James G. Conway, Owner, and George C. Dietrich, Contractor. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule to open judgment.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule to open judgment.

*Joseph Hill Brinton,* for appellant.

*Wayne P. Rambo,* with him *Ormond Rambo,* for appellee.

OPINION BY BEAVER, J., November 19, 1906 :

Plaintiffs filed a mechanic's lien against a certain building, and the leasehold estate of Conway, the owner, in a lot of ground upon which the building was erected. The materials for which the lien was filed were furnished to Dietrich, the contractor, under whom the plaintiffs were subcontractors.

In endeavoring to enforce their lien, the plaintiffs issued a scire facias, summoning Conway, owner, and Dietrich, contractor, as defendants. The owner filed an affidavit of defense. The contractor failed to do so and judgment was taken against him for want of an affidavit of defense, in pursuance of the provisions of section 34 of the Act of June 4, 1901, P. L. 431.

Dietrich, the contractor, was adjudged a bankrupt and his trustee presented a petition to open the judgment against him, being substituted in his stead as defendant. The petition admits the indebtedness of Dietrich to the plaintiffs for the building materials included in the lien ; it alleges the bankruptcy of Dietrich, the filing of the lien by the plaintiffs, the entry of the judgment for want of a sufficient affidavit of defense, the indebtedness of Conway to Dietrich in an amount equal to the amount of the plaintiffs' claim, and alleges the entry of the judgment in contravention of the act of Congress

relating to bankruptcy, and that, in case judgment should be secured against the owner, the money due from Conway, the owner, would be paid to the plaintiffs " to the detriment of the general creditors of the said bankrupt."

Testimony was taken, and the facts, as alleged in the petition, were proved.

We fail to see how these facts constituted ground for an appeal to the equitable powers of the court, for let it be said again : " The application to open a judgment is essentially an equity proceeding; the relief demanded is in equity, and the application must make out a case which would justify a chancellor in entering a decree; it is his duty to satisfy the conscience of the judge, who sits as a chancellor, that, on the whole case, not on his ex parte presentation, the judgment should be opened; the proceeding cannot be removed from the equitable jurisdiction of the common pleas by the contention that it is based purely on a legal ground:" 10 P. & L. Dig. of Decisions, 16,084.

The indebtedness of Dietrich to the plaintiff is admitted. Whether the lien be good against the owner on technical grounds is no concern of the contractor or of his trustee. If good, the owner must pay, if the estate against which the lien is filed is sufficient, whether he owes the contractor or not. " If the owner pays any judgment finally recovered on the claim, the claimant shall, upon payment of costs, mark the personal judgment or judgments against the contractor to the use of the owner, and shall transfer to the latter any note or other collateral security he may have for his claim:" Sec. 35, Act of June 4, 1901, P. L. 431.

Whether or not, in the event of a judgment against him and the payment of the said judgment to the plaintiffs, the owner can enforce this judgment, as against other creditors of Dietrich, the contractor, in the final adjudication of the bankrupt's estate, is a question with which we are not now concerned. We assume that he will stand in no better relation to the estate of the bankrupt than the plaintiffs and we cannot see that the judgment against a contractor in a mechanic's lien, which is not a lien upon his individual estate, can give the plaintiff any better standing, as a claim against a bankrupt's estate than if no such judgment had been obtained.

We are in entire ignorance of the grounds upon which the court below discharged the rule to show cause why the judgment should not be opened, inasmuch as no opinion was filed. Inasmuch, however, as no good grounds for opening the judgment were alleged or shown, we have no difficulty in reaching the conclusion that the court below committed no error.

Decree affirmed and appeal dismissed at the costs of the appellant.